UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------

YAKEZ THOMPSON

                Plaintiff

v.

                Civil Case No.   17-cv-3064
                **COMPLAINT**
                Under 42 U.S.C. § 1983

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER ROSANNA CAPELLAN
(In an Individual Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER JOHN DOE (fictitious
name) (In an Individual Capacity and In an Official Capacity)

                Defendants
--------------------------------------------------------------------------------

1. Now comes the Plaintiff Yakez Thompson, by and through his attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants: (1) The City of New York, (2) New York City Police Officer Rosanna Capellan (In an Individual Capacity and In an Official Capacity), (3) New York City Police Officer John Doe (fictitious name) (In an Individual Capacity and In an Official Capacity), and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, the Due Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Yakez thompson is a citizen of the United States who resides in New York City.

7. Defendant New York City Police Officer Rosanna Capellan is a New York City Police Officer employed by the City of New York. Defendant Police Officer Rosanna Capellan is being sued individually and in an official capacity.

8. Defendant New York City Police Officer John Doe (fictitious name) is a New York City Police Officer employed by the City of New York. Defendant Police Officer John Doe is being sued individually and in an official capacity.

9. The true names and identities of the "DOE" defendants are presently unknown to Plaintiff. Plaintiff uses the fictitious name "DOE" to designate these Defendants. Plaintiffs allege that the "DOE" Defendants, along with the other Defendants, are legally responsible for the incidents, injuries, and damages set forth herein, and that each of the Defendants proximately caused the incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency,

employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of each of the "DOE" defendants has been ascertained.

10. Each of the Defendants, including the "DOE" defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

11. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

12. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

13. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of

Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

14. Each of the Defendants, including the "DOE" defendants caused, and are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizibng or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

15. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

## FACTS

16. On 27 April 2014, at about 7:30 pm, in the vicinity of 118 Post Avenue, in New York County, the City of New York, Plaintiff Thompson was attacked by another individual who he did

not know, and who he had never seen prior to 27 April 2014. Plaintiff Thompson was working as an employee of Advance Transit Company, Inc. (Advance Transit Company, Inc. is a contractor with the Metropolitan Transit Authority). As an employee of Advance Transit Company, Inc., drove a vehicle, and provided transportation for individuals with special needs. Plaintiff was helping a special needs passenger out of the vehicle when the Plaintiff was attacked. Plaintiff later learned that the name of the person who attacked him to be Mr. Angel Porles. Mr. Porles struck the Plaintiff with a belt, while several associates of Mr. Porles surrounded Plaintiff's vehicle. Mr. Porles and his associates began to attack the Plaintiff at random. Plaintiff left the company vehicle, and fled and called 911. Police Officers arrived and the Plaintiff was arrested by Police Officer Rosanna Capellan. Plaintiff suffered injuries as a result of the afore-mentioned attack and required medical treatment.

17. Plaintiff was arrested without probable cause, or arguable probable cause, on 27 April 2014 and prosecuted. Plaintiff spent approximately 17 hours in custody, and was required to come to Court approximately 5 times before the case was dismissed and sealed on the merits on 8 December 2014.

FEDERAL CLAIMS

COUNT ONE: FALSE ARREST

18. Plaintiff re-alleges paragraphs 1 through 17 as though set forth in full herein.

19. The Plaintiff states that he was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Officer Rosanna Capellan on 27 April 2014.

20. The Plaintiff states that the Defendants did not have probable cause, or arguable probable

cause, to seize/arrest the Plaintiff on 27 April 2014.

21. Defendant Police Officer Rosanna Capellan (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff on 27 April 2014.

22. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

23. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

24. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was not committing any crime or offense when he was arrested on 27 April 2014, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

25. Plaintiff states that the Defendant(s) intentionally seized the Plaintiff and that the conduct of the Defendant(s) shocks the conscience.

26. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and

malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 26 as though set forth in full herein.

27. The Plaintiff states that he was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when he was arrested by Defendant Police Officer(s) on or about 27 April 2014.

28. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff on 27 April 2014.

29. Defendant Police Officer(s) did not have an arrest warrant for the Plaintiff on 27 April 2014.

30. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

31. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

32. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 27 April 2014. Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

33. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the

Defendant shocks the conscience.

34. As a direct and proximate result of the wrongful conduct of Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

35. Plaintiff re-alleges paragraphs 1 through 34 as though set forth in full herein.

36. Plaintiff states that the Defendant New York City Police Officer(s) denied the Plaintiff substantive due process, and that the intentional conduct of the Defendant New York City Police Officer(s) "shocks the conscience".

37. The Plaintiff states that Defendant New York City Police Officer(s) conducted a reckless investigation in that the Defendant(s) arrested the Plaintiff without probable cause, or arguable

probable cause, to believe that the Plaintiff had committed a crime.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER(S)

38. Plaintiff re-alleges paragraphs 1 through 37 as though set forth in full herein.

39. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officer(s).

40. On 27 April 2014, the Defendant(s) arrested the Plaintiff without probable cause, and without a warrant.

41. The Plaintiff had not committed any crime or violated any law.

42. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer requires probable cause, or a warrant, to make an arrest.

43. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint – will

frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

44. Plaintiff re-alleges paragraphs 1 through 43 as though set forth in full herein.

45. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

46. The Plaintiff states that he was deprived of his liberty on 27 April 2014 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime or violated any law.

47. The Plaintiff states that he was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed.

48. The Plaintiff states that the Plaintiff had committed any crime when he was arrested by Defendant Police Officer(s) 27 April 2014.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of one (1,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of one (1,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

_____
Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
Attorney for Plaintiff Yakez Thompson
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
Fax (212) 385-7501